**VAN DOREN v. UNITED STATES et al.**

Civ. No. 4742.

District Court, S. D. California,
Central Division.

Oct. 4, 1946.

John L. Mace, of Los Angeles, Cal., for plaintiff.

James M. Carter, U. S. Atty., and Ronald Walker, Asst. U. S. Atty., both of Los Angeles, for defendants.

O'CONNOR, District Judge.

This action is brought by the plaintiff, the widow of Benjamin Van Doren, Junior, an Army Air Force officer, to obtain the benefits of two National Service life insurance policies issued pursuant to the National Service Life Insurance Act, 38 U.S. C.A. § 801 et seq.

On July 1, 1942 Benjamin Van Doren, Junior, then an unmarried man, was issued National Service policy of life insurance, and his father, Benjamin Van Doren, Senior, was named as principal beneficiary, and his sister as contingent beneficiary.

In August, 1942, Benjamin Van Doren, Junior, was transferred to Muroc, California, and was stationed there until his death. He was killed while on active duty on December 6, 1944.

On June 19, 1943, prior to his marriage, Benjamin Van Doren, Junior, executed an application for additional National Service life insurance policy, which insurance became effective on July 1, 1943, and his father was designated beneficiary.

On June 27, 1943, Benjamin Van Doren, Junior, married Margaret Mary Alice Furnivall, at Santa Monica, California. On July 22, 1943, Benjamin Van Doren, Junior, executed and delivered to the Government a document changing the beneficiary to his wife, the plaintiff in this action, and on December 6, 1944 he was killed while on active duty.

Both of the policies were originally issued before Van Doren, Junior, was married. The original beneficiaries, Benjamin Van Doren, Senior, as principal, and Benjamin Van Doren, Junior's sister, as contingent beneficiary, were served with summons and complaint, but made no appearance in the action and a judgment of default was entered against each of them.

The only interest the Government has in the action is to pay the amounts due to the proper beneficiary.

The original complaint was based on the theory that plaintiff had an interest in the insurance policies, contending that the premiums were paid out of community funds, and that the plaintiff and Van Doren, Junior, were residents of the State of California at all times following their marriage and up to the time of Van Doren, Junior's death.

At the trial the defendant produced a document entitled "Designation or Change in Address of Beneficiary", and this document was introduced as plaintiff's Exhibit No. I. The court allowed the plaintiff to amend her complaint to conform to the proof. Exhibit No. I is as follows:

"Designation or Change in Address of Beneficiary

Name of Designator   Van Doren, Benjamin Jr. Army Lt.Lt.
Serial No. 0–365159   A.C.

The persons eligible to be my beneficiary are designated below:

1. Margaret Furnivall Van Doren, 135 Montana Ave. Santa Monica, Cal.

2. None

In the event of my leaving no widow or child or their decease before payment is made, I then designate as my beneficiary the relative whose name, relationship, and address are shown below:

4. Mrs. Louise Fontaine, 27 Walbrooke Rd., Scarsdale, N. Y. (sister)

Nearest relative (other than wife or minor child)

Benjamin Van Doren   Father

Address   ———

Signature of designator   Benjamin   Van Doren Jr. (signed)

Witnessed at Muroc, Calif. on July 22, 1943.

Signature of Witness   Gerald J. McCaul 2nd Lt. A. C.

W. D., A. G. O. No. 41   16–20169–1

U. S. Government Printing Office"

The document set forth in full was produced from the government files and delivered to the plaintiff at the trial. It had been delivered to the government prior to the death of the deceased officer. This indicates the highest good faith on the part of the government to determine the facts.

With reference to Exhibit I, the government stated its position in its brief as follows:

"No attempt was made by the plaintiff to identify the paper or to inform the Court by legal evidence where the paper came from, or to identify the signatures thereon; or to show, if it was made out and signed by the insured, what his purpose was. There is nothing in the evidence proving or even tending to prove that the insured made any attempt at any time to change the beneficiary of his insurance, or to comply with the law and the regulations with reference thereto.

"Examination of the exhibit reveals that it is not addressed to the Veterans Administration. It is not a notice of any kind; it is not a direction that the name of the beneficiary be changed and does not express or indicate, even indirectly or inaptly, a desire to have the beneficiary of the insurance contracts changed. It does not mention insurance at all; was never intended that it should be in the hands of the Veterans Administration, nor does it indicate a belief or understanding on the part of the insured that his wife was the beneficiary of this insurance. There is nothing in the exhibit from which it might be legitimately inferred that it was intended for the use and information of the Veterans Administration, or that its purpose was to effect a change of beneficiary under the life insurance policies here involved."

It is difficult to follow the reasoning of the government in view of the fact that the instrument was produced by the government at the trial. The instrument speaks for itself and requires no oral explanation of its meaning—it was not necessary to address the instrument to the Veterans Administration.

It is rather a strange position for the government to take—that a widow of a soldier killed in line of duty should be denied the benefits of a policy of insurance issued by the government because the instrument designating the wife as beneficiary happened to be in the files of the War Department instead of in the files of the Veterans Administration.

224

The government, on August 9, 1946, filed a motion to re-open the case on the ground that it was taken by surprise when Exhibit I was introduced in evidence, and also on the ground that an entirely new cause of action was contained in the amendment allowed by the court. This motion stayed all proceedings. However, on September 30, 1946 the government consented to a denial of its motion to re-open the case and the motion to re-open was denied.

With reference to change of beneficiary, the World War I Act is identical with the Act in the case at bar; Section 301 of the World War Veterans' Act of 1924, 38 U.S.C.A. § 512, provides as follows: "Subject to regulations, the insured shall at all times have the right to change the beneficiary or beneficiaries without the consent of such beneficiary or beneficiaries, but only within the classes herein provided."

The National Service Life Insurance Act, World War II, 38 U.S.C.A. § 802(g) provides as follows: "The insured * * * shall, subject to the regulations, at all times have the right to change the beneficiary or beneficiaries of such insurance without the consent of such beneficiary or beneficiaries but only within the classes herein provided."

The identity of the language in both acts cannot be controverted.

In Johnson v. White, 8 Cir., 1930, 39 F. 2d 793, the court held that a verbal notification to the soldier's commanding officer to change the beneficiary to his wife, which the officer said would be done, was sufficient.

To the same effect was Steele v. Suwalski, 7 Cir., 1935, 75 F.2d 885, 99 A.L.R. 588; also Claffy v. Forbes, D.C., 1922, 280 F. 233; and Farley v. United States, D.C., 291 F. 238.

It is clear to the court that the residence and domicile of the officer Van Doren, Junior, and his wife was California. The officer and his wife rented a house and lived in California. They never had a residence or domicile in any other state following their marriage. While the testimony was largely oral, there was introduced in evidence a letter written by the officer to his wife, in which he said: "Honeykin, I have had some wonderful dreams about you lately. It seems we spend our evenings fixing up our bungalow in the Hollywood Hills after you put the kiddies to bed."

The Hollywood Hills are in the city of Los Angeles, and this confirms and corroborates the testimony of the other witnesses that the officer intended to, and did, declare California as his residence and his domicile, and he looked forward to the time when he and his wife would fix up their bungalow and raise their family in the Hollywood Hills.

The court holds that plaintiff, Margaret Mary Alice Van Doren, is the sole beneficiary of the two insurance policies, and is to be paid according to the terms of the contract of insurance with the government.

Judgment for the plaintiff, and against the defendant, the United States of America.