**SHANNON v. UNITED STATES et al.**
Civil Action No. 3050.

District Court, N. D. Georgia,
Atlanta Division.

Aug. 6, 1947.

Emma Andre Monroe, of Atlanta, Ga., for plaintiff.

M. Neil Andrews, U. S. Atty., F. Douglas King, Asst. U. S. Atty., and Harvey H. Tisinger, Asst. U. S. Atty., all of Atlanta, Ga., for the United States.

Douglas, Evans & Cole, of Atlanta, Ga., for Mrs. Lena Pim Shannon and Anna Lucille Shannon, defendants.

RUSSELL, District Judge.

Findings of Fact.

Charles Arthur Shannon was inducted into the regular army of the United States on May 23, 1942, and thereafter applied for and was granted National Service Life Insurance in the amount of $5,000. In his application he named as his beneficiary his mother, Mrs. Lena Pim Shannon, with his sister, Anna Lucile Shannon, as contingent beneficiary. Thereafter a certificate showing the grant of such insurance was mailed to the beneficiary, Mrs. Lena Pim Shannon, by the Veterans' Administration under countersigned date of September 30, 1942. Under the insurance contract the insured had the right to

change the beneficiary without the consent of the beneficiary previously named.

On August 14, 1943, Charles Arthur Shannon was married to Regina Miller, and on September 14, 1943, after having been transferred from Texas to Seymour Johnson Field, North Carolina, he executed what is denominated "Designation or Change in Address of Beneficiary," on "W. D., A. G. O. Form No. 41," in which he inserted following the words "The persons eligible to be my beneficiary are designated below:"

from the field in Texas, the soldier there requested information as to how to change the beneficiary of his life insurance and was told that the form A. G. O. 41 was the means to accomplish this, and further testimony that this form was generally used for such purpose in that camp. However this information was not correct as there was supposed to be furnished the regular form of the Veterans Administration, as the A. G. O. 41 was a form of the Adjutant General's Office and had no relation to the question of insurance. How-

"1. Regina M. Shannon    1003 W. Riverview Dayton, Ohio

(Full name of wife; if no wife, or if she is deceased or divorced, so state)   (Wife's full address)

"2.    None

"(Full name and address of each minor child, and each dependent child over 21 years of age. If there are no children, so state. If the address is the same as the wife's so state. Do not repeat address.)

"In the event of my leaving no widow or child, or their decease before payment is made, I then designate as my beneficiary the relative whose name, relationship, and address are shown below:

"3. ~~Leana~~ Lena P. Shannon (Mother)    1095 N. Ave

(If designation of beneficiary is declined, designator must state in

N. E. Atlanta, Ga.

own handwriting: "I decline to designate any person as my beneficiary.")

"In the event of the death or disqualification of the last-named relative before payment is made, I then designate as my beneficiary the relative whose name, relationship, and address are shown below:

"4. Anna Shannon (Sister)    1095 N. Ave. N. E.

(If beneficiary is named in line 3 but naming of alternate is de-

Atlanta, Ga.

clined, designator must state in own handwriting: "I decline to designate an alternate beneficiary.")

"Nearest relative
(Other than wife or minor child)    Lena Shannon        Mother

(Name in full)        (Relationship)

"Address*    Same

"Person to be notified in case of emergency    Lena

(Name)

Shannon        Mother

(Relationship)

"Address*    Same    ."

The service record of the soldier with its insert, filed in the Adjutant General's Office, carries the entry of the marriage, the notation of "1st Bene. (Wife) Regina M. Shannon 1003 W. Riverview Dayton, Ohio," and a change of his Mother to "(2ND)" and of his sister to "(3RD)." There is testimony that before transfer

ever two days following the execution of the form "Designation or Change in Address of Beneficiary," and on September 16, 1943, the insured soldier wrote his wife as follows: "ten days ago we had routine G. I. physical examination and a sort of classification recheck. * * * During the Classification check-up I handled some

of the things that I wanted. You are now my beneficiary in G. I. Insurance. I have only $5000.00 and I don't expect to buy the maximum (10,000.00) until I am either making more money, or my present pay roll debt is paid in full. I also cancelled my Bond allotment effective 30 September. Perhaps I shall buy more later, upon the same conditions as buying Insurance.

"So far as I know, my Service Records are complete, in so far as regards recording your name in the proper places. That is an item that I wanted handled."

Thereafter, on October 10, 1943, the insured soldier wrote his wife a letter containing the following, among other things: "Mother tells me that I have a Bond at home. I believe I told you that I have discontinued my Bond allotment in order to more quickly repay my debt to the government. I believe the balance is still about $90.00. Did I also tell you that you are named beneficiary in my G. I. Insurance?"

In November, 1943, the son and his wife visited the Mother in her home, and at that time she handed him the certificate evidencing the insurance and asked if he was going to make a change to his wife. He made no positive answer but stated to her "hold on to these, they may be a help to you."

"The soldier, while in line of duty, was killed on March 15, 1945, while the insurance was in force.

Thereafter, both his wife and mother made claim upon the Veterans' Administration for the proceeds of the policy, and the Veterans' Administration without information or knowledge of the execution of form A. G. O. 41, held the recitals in the letters, above quoted, standing alone, to be insufficient to evidence a request for change of beneficiary, and the present suit was thereafter instituted by the wife. The Government presents no question in the case except a request that the proper beneficiary be determined by the Court, and the contest is actually between the widow and the mother.

Under the evidence in the record, the Court finds that the insured soldier be-lieved by the execution of Form A. G. O. 41 that he had validly effected a change of beneficiary of his policy of insurance from his mother to his wife; that according to the information that he had, the execution of this form, referred to above, was the proper method of effecting a change, and that therefore he understood that he had done all that was necessary to accomplish such purpose. No other logical conclusion can result from the nature of the form and the subsequent letters of reference to its execution, and the only thing not done was the filing of such a request with the Veterans Administration.

There are in evidence forms substituted by the Adjutant General's office for A. G. O. No. 41 which substantiate the testimony of the witness that that form was frequently used for change of beneficiary of National Service Life Insurance, for A. G. O. No. 41 was amended in September, 1943, by changing the heading from "Designation or Change in Address of Beneficiary" as stated upon the form executed by the soldier in this case, to "Designation or Change of Relative to be Paid Six Month's Gratuity in Case of Death" in bold type, and under this in smaller but nevertheless bold type, the following: "Important: This form does not pertain to insurance." This amended form likewise changes the words "The persons eligible to be my beneficiary are designated below" to "The Persons Eligible to Receive This Pay are Designated Below:" and the following language significantly omits any where the word "beneficiary" and refers to persons entitled "to receive this pay." It is perfectly clear from the wording of Form A. G. O. 41 that its language could have well been understood by a soldier to be a proper form for the change of beneficiary of National Service Life Insurance rather than what it actually was, and as made clear by the amended forms, a designation of the persons to whom Six Month's Gratuity in case of death should be paid.

Complainant has employed Emma Andre Monroe and Harold Sheats as attorneys to file and prosecute this suit for her.

266

## Conclusions of Law

 This is another case of conflicting claims by persons seeking to establish their rights as beneficiaries under policies of Government Life Insurance issued to members of the Armed Forces during the late World War II. In such a case of course, sentiment or sympathy has no proper place, and the true question for determination is the intent and acts of the soldier. The rule is well established, not only as to Government life insurance, but as to policies issued by private life insurance companies, that where the right is reserved to change the beneficiary, if the insured actually intends to effect a change of beneficiary and takes affirmative steps to effectuate such a change, the fact that the precise form designated by the insurer is not employed will not defeat such intent and affirmative act clearly evidencing it. Intent alone is not sufficient, but intent coupled with an affirmative act which could be and is logically understood and reasonably calculated to effectuate such intent, equitably effectuates a change of beneficiary. Bradley v. United States, 10 Cir., 143 F.2d 573, 576, and citations, and also those in dissenting opinion on page 578; Roberts v. United States, 4 Cir., 157 F.2d 906. Woods v. United States, D. C., 69 F.Supp. 760, is a case in which A. G. O. Form 41 was also employed. It is a case much like the present, except in the Woods case there was a will leaving the wife as the sole devisee, and in this case Judge Kennamer held a valid change of beneficiary had been executed.

Complainant is entitled to judgment declaring her the beneficiary of the policy of insurance issued upon the life of Charles Arthur Shannon involved in this suit in accordance with its terms of payment, and her court costs in this behalf expended.

Reasonable attorney's fees for counsel for the complainant, Mrs. Regina M. Shannon, is fixed at ten per cent of the payments to be made by the Veterans' Administration under the terms of this judgment and decree, and in accordance with the statute.

Judgment in accordance with these findings and conclusions should be presented after notice.