## VAUGHN v. UNITED STATES et al.
### Civil Action No. 127.

District Court, E. D. Tennessee,
Winchester Division.

Sept. 30, 1947.

John Green, of Winchester, Tenn., for plaintiff.

M. C. Barwick, of Louisville, Ga., and Frank Hickerson, of Winchester, Tenn., for Mrs. Ruby M. Vaughn.

J. B. Frazier, Jr., of Chattanooga, Tenn., for the United States.

DARR, District Judge.

A decision in this case has been delayed to permit the plaintiff to file a certified copy of what is called Form W.D.A.G.O. Form No. 41 from the War Department of the United States. This certified copy has now been filed and is objected to as evidence by the defendant's counsel as being a certification of a photostatic copy.

The certificate does not read that way. The photostat is certified as being "a true and exact copy made from official records." Because it happens to be a photostatic copy is of no significance. It might have been hand written or typewritten. The certification of being a copy of the original by the proper official is sufficient. 28 U.S.C. A. § 661.

The case presents a controversy between the mother and widow of a deceased soldier. Both claim to be his beneficiary under a government National Service Life insurance contract.

The United States of America is made a party defendant but takes no side in the

controversy, requesting the Court to determine who is the proper beneficiary.

There appears to have been no certificate issued to anyone evidencing that the deceased soldier had obtained the insurance and named a beneficiary. Letters written by the deceased soldier to his mother indicate that prior to his marriage he had intended that his mother be the beneficiary. One letter after marriage written by the deceased soldier to his mother conveys the idea that he then had in mind to make both his wife and his mother beneficiaries. However, on December 22, 1942, after his marriage in the previous October, he executed a form entitled "Designation of Beneficiary" which appears to be identified as W.D.A.G.O. Form No. 41, March 1, 1940. On this form, filed with the War Department, he names his wife as beneficiary.

While this form, under the proof, was not applicable to insurance, the overwhelming proof is to the effect that the deceased soldier used it to name his wife as the beneficiary of his government insurance. This is substantiated by a letter written by his mother, undated but evidently after the execution and transmission of said form, in which the mother reflects great disappointment that her son had made his wife the beneficiary of this insurance.

This soldier, when he died in line of duty, had one child and knew that his wife was pregnant. The second child was born a few months after his death. Unquestionably this deceased soldier evidenced his desire to leave his insurance to his wife for the benefit of his wife and babies. This was the normal and proper thing for him to have done and what he did do.

Sufficient to cite as authority one case by Judge Russell of the United States District Court for the Northern District of Georgia wherein, upon facts not as strong as the facts in this case, he concluded that the widow was the beneficiary. Mrs. Regina M. Shannon v. United States of America, Mrs. Lena Pim Shannon, Anna Lucile Shannon, D.C., 78 F.Supp. 263.

■ The Court determines that the widow, who is the plaintiff, Mrs. Mabel Frances Vaughn, is the beneficiary of her deceased soldier husband's National Service Life insurance in the sum of $10,000 and that a judgment be prepared and entered accordingly.

■ A reasonable attorney's fee for counsel for the plaintiff, Mrs. Mabel Frances Vaughn, is fixed at ten percent of the payments to be made by the Veterans Administration under the terms of the judgment and in accordance with the statute.

Proposed findings of fact and conclusions of law will be submitted.