**BORING v. UNITED STATES et al.**

No. 4014.

United States Court of Appeals,
Tenth Circuit.

April 29, 1950.

James H. Ross, Oklahoma City, Okla. (Looney, Watts, Ross, Looney & Smith,

5. See 9 U.S.C.A. § 3.

932

Oklahoma City, Okl., on the brief), for appellant.

Tom W. Garrett, Oklahoma City, Okl. (Clarence Northcutt, Ponca City, Okl., and Tom W. Garrett, Jr., Oklahoma City, Okl., on the brief), for appellee Mary Lucille Boring.

Before HUXMAN, MURRAH and PICKETT, Circuit Judges.

HUXMAN, Circuit Judge.

The question in this case is whether Robert E. Boring, a soldier in the late war, effectively changed the beneficiary in his National Service Life Insurance Policy from his mother, Junie Pearl Boring, to his wife, Mary Lucille Boring. Upon his death, both the wife and his mother filed claims for the insurance benefits. The Veterans Administration determined the wife to be the beneficiary. The mother thereupon instituted this action in the United States District Court for the Western District of Oklahoma. That court held there was a valid change in beneficiary and entered judgment for the wife. From that judgment, the mother has appealed.

When the veteran entered the Service, he was single and designated his mother the principal beneficiary. Sometime thereafter he married the appellee, Mary Lucille Boring. Their relationships were amicable and remained so up to the time he went overseas. The change of beneficiary, if effectively made, was made when the soldier was about to go overseas.

■ The principles of law upon which the answer depends are simple and not in dispute. The difficulty, as always, comes in applying the law to a given set of facts. The question is not new in our court. We have announced the applicable principles of law in Bradley v. United States, 10 Cir., 143 F.2d 573; Collins v. United States, 10 Cir., 161 F.2d 64; and in the late case of Widney v. United States, 10 Cir., 178 F.2d 880. In the Bradley case, [143 F.2d 576] we said that: "The expressed intention of the insured to change the beneficiary, standing alone and unaccompanied by some affirmative act, having for its purpose the ef-

fectuation of his intention, is insufficient to effect a change of beneficiary * * *."

But, "* * * that if the insured has manifested a desire and intent to change the beneficiary of his insurance, and has done everything reasonably within his power to accomplish this purpose, leaving only ministerial acts to be performed by the insurer, courts of equity will treat as done that which ought to be done, thereby giving effect to the intent of the insured."

This declaration was adhered to in the Collins case, where we said that: "It has been held without exception that a mere intent to change a beneficiary is not enough. Such an intent must be followed by positive action on the part of the insured evidencing an exercise of the right to change the beneficiary." [161 F.2d 67]

And in the Widney case, we held that: "It was incumbent on Joan to establish by evidence an intention on the part of the insured to change the principal beneficiary in the policy by designating her in place of John T. and an affirmative act by the insured, having for its purpose the carrying such intention into effect." [178 F.2d 883]

In these cases we have held, without deviation, that an intent to change beneficiaries must be accompanied by affirmative acts in furtherance thereof, in order to effectuate a valid change. In this case, there is abundant evidence to sustain the finding by the Veterans Administration and by the trial court that the insured intended to change the principal beneficiary from the mother to his wife. Thus, on June 4, 1943, he wrote his wife: "Darling, I am going up tomorrow and get my insurance made over to you."

And on June 11, he wrote her: "Honey, I had time this afternoon to get my insurance and other things made over to you." There was evidence offered by the mother and her son that would support a contrary conclusion.

■ Rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides that in an action tried without a jury, findings of fact will not be set aside unless clearly erroneous, and due regard shall be given to

the opportunity of the trial judge to judge the credibility of the witnesses. To the same effect, see Widney v. United States, supra.

Since the finding of the court that the insured intended to change the beneficiary is supported by the record, it is binding upon this court and will not be disturbed on appeal. There only remains to consider whether the insured took affirmative steps to effectuate a change of beneficiary.

On or about June 8, 1943, the insured executed an order form known as AGO 41, which the court found was being used at that time as a form for changing beneficiaries of National Service Life Insurance, and "that the beneficiary of said insurance should have been changed from the mother to the wife, as it was intended by the insured to so change the beneficiary of said insurance."

Form AGO 41 was primarily used to designate beneficiaries of the six months' gratuity payments to which soldiers were entitled. The form used at the time was, however, merely entitled, "Designation or change of Address of Beneficiary." Later on it was changed to indicate a beneficiary of the gratuity payments only. There was introduced in evidence old Form AGO 41 executed by the insured, designating his wife, the appellee, as the principal beneficiary, and his mother, the appellant, as contingent beneficiary.

Richard L. Moore testified by affidavit that he was acquainted with the insured, being stationed with him at various places; that he was in charge of the service records; that while he had no personal recol-lection of handling a change of beneficiary of this soldier's insurance, they were using Form AGO 41 for the purpose of designating change of beneficiaries in insurance policies; that the form was executed in duplicate, one of which was sent to Washington and the other delivered to affiant to make the necessary changes in the insured's service record. The executed copy of Form AGO 41, referred to above, was found in the Government files stamped, "Received February 5, 1947."

■ Without exception, the courts have held that strict compliance with the regulations to effect a change in beneficiary by the soldier was not required, and that technicalities would be brushed aside in an effort to carry out the declared intent of the insured in this class of cases. See Bradley v. United States, supra.

■ A number of cases have been before the courts in which Form AGO 41 was used to effectuate a change in beneficiary, and in all of them the courts have held that the execution of this form for this purpose was sufficient for a valid change of beneficiary, if executed with that purpose in mind.[1]

The evidence in the case before us is sufficient to support the finding of the trial court that the insured soldier intended to use Form AGO 41 to change the beneficiary in his policy from his mother to his wife. It supports the conclusion that the soldier did all that could reasonably be expected to effectuate such change.

The decision of the trial court is accordingly Affirmed.

1. Rosenschein v. Citron, 83 U.S.App.D.C. 346, 169 F.2d 885; Shapiro v. U. S., 2 Cir., 166 F.2d 240; Senato v. U. S., 2 Cir., 173 F.2d 493; Van Doren v. U. S., D.C., 68 F.Supp. 222; Shannon v. U. S., D.C., 78 F.Supp. 263; Cotter v. U. S., D.C., 78 F.Supp. 495; Vaughn v. U. S., D.C., 78 F.Supp. 494; Hartman v. U. S., D.C., 78 F.Supp. 227; Farmakis v. U. S., D.C.D.C., 78 F.Supp. 287; Id., 84 U.S.App.D.C. 297, 172 F.2d 291.