J. Walter LINDSEY and Jay W. Lindsey, co-partners d/b/a Lindsey Lumber & Supplies, Appellants,

v.

OREGON-WASHINGTON PLYWOOD COMPANY, a corporation, Appellee.

No. 6484.

United States Court of Appeals Tenth Circuit.

March 17, 1961.

Russell P. Kramer, Denver, Colo., for appellants.

J. Donovan Stapp, Denver, Colo. (George J. Perkins, Troutdale, Or., on the brief), for appellee.

Before HUXMAN, PICKETT and LEWIS, Circuit Judges.

PICKETT, Circuit Judge.

This is an appeal from a judgment in favor of the plaintiff, Oregon-Washington Plywood Company, in an action to recover the purchase price of two truck loads of plywood alleged to have been sold to the defendants, J. Walter Lindsey and Jay W. Lindsey, doing business as Lindsey Lumber & Supplies, a copartnership, at Denver, Colorado. The defendants denied that the sale of the plywood was made to them, and alleged that they purchased the plywood from Cal-Ore-Ida Lumber Company of Boise, Idaho, for resale to their customers. Trial was to the court without a jury and in its findings the trial court stated, "From the evidence, it is the finding of this Court that, during the month of May, 1957, plaintiff, at the request of and on the order of the defendants, sold and delivered to defendants, plywood of an agreed and reasonable value of the amount hereinabove stated, and that defendants have failed and refused to pay to plaintiff any portion of said agreed amount." The defendants contend that the finding is not supported by the evidence, and that the court erred in not concluding as a matter of law that the defendants' agreement was not an original undertaking, but was an agreement to answer for the debt of a third party, and therefore void under the Colorado statute of frauds. Colo.Rev.Statutes (1953) § 59–1–12.

Findings of fact are presumptively correct, and will not be set aside on appeal unless clearly erroneous. Fed. R.Civ.P. 52(a), 28 U.S.C.A.; Walker v. Wiar, 10 Cir., 276 F.2d 39. On appeal, the evidence is to be viewed in the light most favorable to the prevailing party, and the trial court's findings on factual issues are binding upon appellate courts unless clearly erroneous. Mitton v. Granite State Fire Ins. Co., 10 Cir., 196 F.2d 988. Cf. Millers' Nat. Ins. Co., Chicago, Ill. v. Wichita Flour Mills Co., 10 Cir., 257 F.2d 93; Employers Liability Assur. Corp. v. Freeman, 10 Cir., 229 F.2d 547; Loew's, Inc. v. Cinema Amusements, Inc., 10 Cir., 210 F.2d 86, certiorari denied 347 U.S. 976, 74 S.Ct. 787, 98 L.Ed. 1115. When the evidence, and reasonable inferences fairly to be drawn therefrom, are sufficient to support the trial court's findings in a nonjury case, such findings will not be disturbed on appeal. Wilsey-Bennett Trucking Co. v. Frost, 10 Cir., 275 F.2d 144; Federal Security Ins. Co. v. Smith, 10 Cir., 259 F.2d 294; Wunderlich Contracting Co. v. United States ex rel. Reischel & Cottrell, 10 Cir., 240 F.2d 201, certiorari denied 353 U.S. 950, 77 S.Ct. 861, 1 L.Ed.2d 859; Widney v. United States, 10 Cir., 178 F.2d 880.

Except for a denial by the defendants that they purchased the plywood from the plaintiff, there is no substantial conflict in the evidence. The plaintiff was engaged in the manufacture of lumber, including plywood, at Garibaldo, Oregon. The defendants were

wholesale dealers in lumber products at Denver, Colorado. William C. Shea and Robert D. Malarkey were the plaintiff's representatives in the Denver area, and for a number of years the defendants had been doing business with the plaintiff through these agents.

In March, 1957, the defendant, Jay Lindsey, discussed with Shea the possibility of purchasing a quantity of plywood from the plaintiff. Shea informed him that the plaintiff could furnish the plywood, and that the plaintiff would deliver it either by truck or rail. At this point in the negotiations Jay Lindsey told Shea that the order was to be delivered to the Cal-Ore-Ida Lumber Company trucks, which would deliver the plywood to the defendants' customers. He explained to Shea that, because Cal-Ore-Ida did not have an I.C.C. permit to carry interstate the property of others, the plywood must be invoiced to Cal-Ore-Ida "to comply with I.C.C. regulations." Since this was an unusual arrangement, Shea telephoned the home office of the plaintiff, and was advised that the order would be accepted and delivery made as requested on the condition that "Lindsey was our customer and that they were responsible for payment of the invoice." This information was given to Jay Lindsey who confirmed the order, and advised Shea that when the material was ready for delivery he would have the truck there to pick it up. Lindsey made arrangements for a Cal-Ore-Ida truck to receive the order on the date it was ready for delivery. After the defendants' customer had received the plywood, the defendants paid Cal-Ore-Ida the amount of the agreed purchase price plus the cost of transportation. Since the plaintiff did not receive payment when it was due, the defendants were notified, and after some "prodding" by the defendants, Cal-Ore-Ida made payment on this first order.

In the meantime, the defendants had placed the two orders for which this action was brought. The mimeographed transmittal order for the first of these orders showed Cal-Ore-Ida to be the purchaser. Attached to the transmittal order, however, was a note stating, in part, "Stock is for Lindsey Lumber & Supplies—Denver. Bob—this is the order discussed today and Lindsey has promised the truck will be there Friday May 10th. Sure. Ack and invoice Cal-Ore-Ida and send copies of all papers to Lindsey in Denver. Lindsey will guarantee payment." The transmittal order for the second of these orders bore a similar notation.

The evidence is without conflict that prior to delivery of the plywood, the plaintiff had no communication of any nature with Cal-Ore-Ida. Its dealings were entirely with the defendants, and it at all times considered the defendants as its customers in these sales. All the negotiations were with the defendants, who agreed upon the quantity of the purchases and the prices. The invoices were made to Cal-Ore-Ida at the request of defendants, but Jay Lindsey testified that the arrangement was primarily for the benefit and profit of the defendants. Furthermore, the plaintiff's evidence was to the effect that it never considered Cal-Ore-Ida as the purchaser, but always treated the defendants as its customer, and statements were sent to Cal-Ore-Ida only because the defendants requested this procedure.

With respect to these orders, the defendants, in each instance, delivered to Cal-Ore-Ida the agreed price of the plywood, together with the cost of transporting the same to their customers. When payment was not received for the orders, the plaintiff notified the defendants, and they determined the reason for the delay and insisted that Cal-Ore-Ida make the payments due to the plaintiff. We do not agree with the defendants' contention that the uncontroverted evidence discloses that the parties treated the transactions as sales to Cal-Ore-Ida. Considering the record as a whole, we think it is quite clear that the plaintiff considered the defendants to be the purchasers, and that the defendants' arrangement with Cal-Ore-Ida was to provide a method whereby the trucking

facilities of Cal-Ore-Ida could be used to transport defendants' material to their customers. The finding of the trial court to that effect is sustained by the evidence and is not clearly erroneous.

Affirmed.