**IMPERIAL PAVING COMPANY, a copartnership composed of H. A. Hudkins and John W. Kelly, Appellant,**

v.

**HORN'S CRANE SERVICE COMPANY, a corporation, Appellee.**

No. 7087.

United States Court of Appeals
Tenth Circuit.
April 18, 1963.

Leon Shipp, Oklahoma City, Okl., for appellant.

Clyde J. Watts, of Looney, Watts, Looney, Nichols & Johnson, Oklahoma City, Okl., for appellee.

Before MURRAH, Chief Judge, and BREITENSTEIN and SETH, Circuit Judges.

BREITENSTEIN, Circuit Judge.

This dispute arose out of a highway construction job. Appellant-defendant, Imperial Paving Company (Imperial), had a prime contract with the State of Colorado and gave an oral subcontract to appellee-plaintiff, Horn's Crane Service Company (Horn), for crushed rock. The subcontract was terminated by mutual consent. Later, Imperial obtained certain equipment from Horn to finish the job. Horn sued, claiming nonpayment of the amount due under a settlement of the subcontract and nonpayment for equipment rental and transportation. Imperial counterclaimed, asserting failure of Horn to crush the required quantity of rock.

After trial without a jury, the court below found that, on the termination of the oral subcontract, the parties made a full, final, and good faith settlement which provided for payment of $25,000 to Horn by Imperial; that Horn was entitled to receive from Imperial the reasonable rental value of the equipment subsequently furnished plus the cost of transporting the equipment from Denver, Colorado, to the construction site; and that nothing was due Imperial under the counterclaim. Horn had judgment for $29,183.26 and Imperial has ap-

pealed. Jurisdiction is based on diversity.

The evidence shows an oral settlement of the subcontract followed by a letter from Imperial to Horn. The letter refers to the work subcontracted and to the sale by Horn of certain equipment to Imperial and then says:

" * * * It appears that you have performed all of the crushing and we have accepted delivery on the equipment.

"As soon as we have final acceptance from the Colorado Highway Dept. we will send you a check for Twenty five Thousand Dollars ($25,-000) which is the amount we now owe you."

Imperial denies the settlement. At the time the letter was given, Horn had stockpiled quantities of rock and had been delayed by the inability of Imperial to use the rock. The evidence is conflicting as to the quantity and as to the assurances, if any, given by Horn as to the quantity. Imperial says that the stockpile was some 20,000 tons short, that Horn had the obligation to supply the deficiency, and that the cost of the equipment rented and moved from Denver to crush the required quantity was Horn's liability.

The prime contention of Imperial is that the findings of the court conflict with a stipulation of the parties which says that the final estimate of the Colorado Highway Department "shall be conclusive as to the final quantities of material incorporated into the project." We see no inconsistency. The quantity of material used in the project was not a pertinent issue. The settlement resolved whatever disputes there were over quantities. After the settlement had been made, Horn was under no obligation to crush additional rock and was entitled to a reasonable rental on his

equipment used for that purpose and the cost of transporting the equipment to the site.

Substantial evidence sustains the findings of the trial court as to the settlement, the equipment rental, and the equipment transportation. These findings are not clearly erroneous and are binding on the appellate court.[1] A review of the record convinces us that the trial court was correct in its findings and conclusions.[2]

Affirm.

1. Continental Materials Corporation v. Gaddis Mining Company, 10 Cir., 306 F. 2d 952, 954; Lindsey v. Oregon-Washington Plywood Company, 10 Cir., 287 F.2d 710, 711.

2. See United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746.