**NATIONAL METALS COMPANY,**
**a corporation, Appellant,**

v.

**Ben SAPIR and Celia Sapir, his wife,**
**Appellees.**

**MATERIAL PROCESSORS CO., Inc.**
**(NSL), a corporation, Appellant,**

v.

**Ben SAPIR and Celia Sapir, his wife,**
**Appellees.**

**Nos. 8825, 8826.**

United States Court of Appeals
Tenth Circuit.

Sept. 7, 1967.

George T. Harris, Jr., and John R. Cooney, of Modrall, Seymour, Sperling, Roehl & Harris, Albuquerque, N. M., for appellants.

Lewis R. Sutin, of Sutin & Jones, Albuquerque, N. M., for appellees.

WILBUR K. MILLER, Senior Circuit Judge,* and BREITENSTEIN and HILL, Circuit Judges.

HILL, Circuit Judge.

This action was brought by appellant, National Metals Company, against appellees, Ben Sapir and Celia Sapir, his wife, and appellant, Material Processors Company, to rescind a guaranty of certain promissory notes and to recover the amount paid by reason of a second guaranty. Material Processors then cross-claimed against the Sapirs to reduce, by judgment or reformation, its liability to the Sapirs on the promissory notes involved. It also sought to prevent acceleration of one of the notes. The Sapirs then cross-claimed against Material Processors for rent paid and loans advanced. Sapirs also sought judgment against both National Metals and Material Processors upon the notes in question plus an attorney fee. Trial was had to the court and the Sapirs were given their requested affirmative judgment against both National Metals and Material Processors, both of which were denied any requested relief against the Sapirs. National Metals and Material Processors separately appealed, thus the two separately numbered appeals are involved.

In early May, 1963, the Sapirs owned all of the stock in a business known as United Iron and Metals Company, a New Mexico Corporation. National Metals Company, an Arizona Corporation, was based at Phoenix, Arizona, with Samuel Shapiro as President. Material Processors Company, a New Mexico Corporation, was owned by Art Parker and two people named Briner. Each of the three corporations dealt in scrap metal.

In early 1963, Material Processors, through Ben Sapir, procured financial assistance from Shapiro and National Metals to finance the purchase of a large quantity of iron rails from the Southern Pacific Railroad Company. As a result, National Metals paid Southern Pacific the total amount of $211,000.00 on this deal, and Material Processors thereby became indebted to the National Metals in that amount. About this same time, Shapiro became the owner of one-third of the stock in Material Processors by purchasing the stock previously owned by the Briners.

* Of the United States Court of Appeals for the District of Columbia Circuit, sitting by designation.

In May, 1963, Shapiro, Sapir and Parker were together in Albuquerque to discuss the Southern Pacific iron purchase. At that time Sapir informally offered to sell his business, United Iron, for $150,000.00 and the offer was immediately accepted by Shapiro and Parker on behalf of Material Processors. There is evidence to show that United Iron, at this time, was a profitable operation and that the actual worth of its assets was in excess of $150,000.00. Sapir's attorney was instructed at this time to prepare a formal contract for the sale of United Iron to Material Processors. Parker and Sapir had been close friends and associates for some time and to reward Sapir for past services Parker gave Sapir one-half of the Material Processors stock owned by him or one-third of the total stock outstanding. This resulted in Shapiro, Parker and Sapir each owning one-third of the stock in Material Processors.

The attorney employed to formalize the oral agreement for the sale and purchase of United Iron, on June 14, 1963, sent Shapiro the two notes in question for his signature as president of Material Processors, together with various other instruments pertaining to the various business transactions between Shapiro, Sapir and Parker and the three corporations which were also involved in these transactions. All of these instruments including the notes and corporate minutes were back-dated to either May 28 or June 1, 1963, which is significant. The instruments were all duly executed and are exhibits in the record. Shapiro, Sapir and Parker next met on June 24, in Albuquerque, at which time the final arrangements were made for the sale of the stock in United Iron.

It is appellants' position that there was no sale of the stock in United Iron until June 24, 1963, and prior to that Ben Sapir was either a de facto or de jure officer and director of Material Processors Corporation and, therefore, the sale of stock in United Iron is voidable unless there was full and complete disclosure of all material facts concerning the sale of stock to Material Processors. There is no specific finding by the trial court as to the date when the contract for sale of United Iron stock was legally consummated. The trial court's finding is simply that at all material times Ben Sapir was not an officer or director of Material Processors and that, therefore, no fiduciary relationship existed.

Appellants in arguing to the contrary rely heavily upon the documents that were sent to Shapiro on June 14 by Domenici, Sapir's attorney. Included in this material were several documents which contained the signature of Sapir in the capacity of Secretary-Treasurer of Material Processors. Also included were minutes of a stockholders meeting dated June 1, 1963, which showed the election of Sapir as Secretary-Treasurer. Appellants contend that these documents show that Sapir was indeed an officer in Material Processors either in a de facto or de jure capacity prior to the final closing of the contract on June 24. Appellants argue further that since this evidence is primarily documentary the appellate court is not bound by the trial court's findings and for this proposition cite British American Assur. Co. of Toronto, Canada v. Bowen, 10 Cir., 134 F.2d 256. In the Bowen case the only evidence offered on an issue of whether Bowen set fire to the house in question or whether he procured it to be set on fire was written evidence which had been adduced in the state court action. The appellate court correctly held that since the trial court had not observed the witnesses and observed their demeanor the ordinary rule as to upholding a finding of a trial court need not be followed.

■■ This principle is not applicable to the instant case, however, as the trial court expressly stated that it placed great reliance on testimony given at the trial. Of primary importance was evidence given by Art Parker and the attorney, Domenici, which indicated that there was no actual meeting of any stockholders or an election of officers until the June 24 meeting of Parker, Sapir and Shapiro and that the documents that had been

sent to Shapiro on June 14 had been prepared by Domenici and back-dated to June 1, to provide for continuity of directors and officers in Material Processors. This was required because the Briners who had been officers and directors of Material Processors resigned and sold their stock as of May 28, 1963. Testimony was also given to the effect that Sapir's position and stock in Material Processors was contingent upon the sale of United Iron to Material Processors. The evaluation of this testimony required the observation of the witnesses and therefore makes the Bowen case inapplicable. When the above evidence is considered it seems consistent with the general situation and is more than sufficient to support the trial court's finding that Sapir was not a director of Material Processors during the time material to the sale and that no fiduciary relationship existed, even if the later date of June 24 is taken as the contract date. As discussed above the general rule applies that the trial court's findings will not be disturbed unless clearly erroneous. High Voltage Engineering Corp. v. Pierce, 10 Cir., 359 F.2d 33; Imperial Paving Co. v. Horn's Crane Service Co., 10 Cir., 316 F.2d 28. It should be remembered that the primary reason underlying the restrictions placed on a director in dealing with his corporation are that as a director he could gain inside information and exert influence counter to the interest of the corporation. This position of power gives rise to fiduciary obligations. See H. B. Cartwright & Bro. v. United States Bank & T. Co., 23 N.M. 82, 167 P. 436 at 450. It is reasonable to view the instant case as an outsider selling to the corporation with a part of the transaction being the receipt of stock and positions in the purchasing corporations. Accepting this view no necessity exists for giving Sapir the status of a fiduciary and the trial court's finding should be upheld.

After finding that no fiduciary relationship existed between the parties to the sale the trial court correctly found that appellants could not recover unless they could show misrepresentation on the part of Sapir. 17 Am.Jur.2d § 151. As to this issue the trial court found that "there was no false or fraudulent representation of any kind made by Mr. Sapir to Mr. Shapiro, or to anyone, concerning the said sale, and it was fully understood and agreed upon by all parties concerned before final papers were signed." A review of the record discloses that there is ample evidence to support all of the trial court's findings of fact.

The remainder of appellants' argument is based upon the assumption that Ben Sapir was an officer or director at the time when the sale of United Iron stock to Material Processors was made. Since that fact was not established, there would seem to be no necessity for a discussion of appellants' further points.

Affirmed.