## LITTLEFIELD et al. v. LITTLEFIELD et al.

No. 4375.

United States Court of Appeals
Tenth Circuit.

Feb. 12, 1952.

---

Tom W. Garrett, and Tom W. Garrett, Jr., Oklahoma City, Okl., for appellants.

Ryan Kerr, Altus, Okl., and Loyd Benefield, Oklahoma City, Okl., for appellee, Ernestine Littlefield.

Before PHILLIPS, Chief Judge, and HUXMAN and PICKETT, Circuit Judges.

PHILLIPS, Chief Judge.

This is an action on a $10,000 policy of National Service Life Insurance, issued to Art S. Littlefield[1] on December 9, 1943. The Insured entered the military service on November 7, 1943, and was reported missing in action on November 20, 1944. On June 9, 1948, the Adjutant General determined that the Insured was killed in action on November 20, 1944.

The Insured and Ernestine Littlefield were married November 29, 1935. Art K. Littlefield and Gwendale Littlefield are children of that marriage.

In the policy the Insured designated Ernestine Littlefield as principal beneficiary and his children as contingent benficiaries.

Ernestine Littlefield presented a claim for the insurance benefits to the Veterans Administration and Cecil Littlefield, the Insured's father, also presented a claim for such insurance benefits. The Veterans Administration denied Cecil Littlefield's claim. He appealed to the Board of Veterans Appeals. The Board of Veterans Appeals held in favor of Ernestine Littlefield. In the record of the proceedings before the Board of Veterans Appeals, which by stipulation of the parties was admitted in evidence in the instant action, the following appears: "A careful search of the records of the service department and of the Veterans Administration has been made but no evidence has been located to establish that the serviceman took the required action to name the appellant as beneficiary of his insurance. The service department has advised that an exhaustive search of the retained records of all organizations to which the serviceman was assigned or attached from June 17, 1944, to the date of his death, including the one with which he was serving on November 10, 1944, failed to disclose any change of beneficiary made by him and that a search of personnel records was likewise unsuccessful."

Willie E. Littlefield, the mother of the Insured, was appointed guardian of the persons and estates of the two children by the County Court of Jackson County, Oklahoma, on April 11, 1946. The instant action was commenced by Cecil C. Littlefield against Ernestine Littlefield and the United States to recover on the policy. In the amended complaint thereafter filed, Willie E. Littlefield, as guardian of Art K. Littlefield and Gwendale Littlefield, was made a party plaintiff, and judgment was sought against Ernestine Littlefield and the United States adjudging that the insurance bene-

---

1. Hereinafter called the Insured.

fits be paid either to Cecil C. Littlefield, or to Willie E. Littlefield, as such guardian.

During the trial Cecil C. Littlefield stated that he sought recovery of the insurance benefits solely for the benefit of the children.

Three letters from the Insured to his parents were introduced in evidence by the plaintiffs. One dated July 10, 1944, was written at Camp Van Dorn, Mississippi, one dated October 17, 1944, was written in England, and one dated November 11, 1944, was written in Belgium, but not in an immediate combat area. The first and second letters manifested an intention on the part of the Insured to change the beneficiary, making the two children the principal beneficiaries under the policy. The letter of October 17 stated that he had not changed the beneficiary, but that he was going to change it to the children "this week." The last letter stated that on November 10, 1944, he changed the beneficiary to Cecil C. Littlefield, his father, "So he can see that the kids get their share."

The plaintiffs offered to prove by Willie E. Littlefield that she advised the Insured of facts, which, if true, would have constituted reasons for the Insured to change the beneficiary under the policy and that the Insured made statements manifesting his intent thereafter to designate his two children as the principal beneficiaries. The court refused the proferred proof.

The trial court found, in effect, that the proof did not establish an affirmative act by the Insured having for its purpose the carrying into effect an intention to change the beneficiary under the policy.

■ It was incumbent upon the plaintiffs below to establish by evidence an intention to change the principal beneficiary in the policy and an affirmative act by the Insured having for its purpose the carrying of such intention into effect.[2]

■ The letters were admissible for the purpose of showing an intent upon the part of the Insured to change the beneficiary, but they were not admissible for the purpose of showing that he had changed the beneficiary. Foster v. Winingham, 10 Cir., 169 F.2d 46, 48–49.

While a contrary conclusion was reached in Gann v. Meek, 5 Cir., 165 F.2d 857, facts present in that case were not present here, and in Butler v. Butler, 5 Cir., 177 F.2d 471, 472, the court said: "We are unwilling to extend the principles of the Gann case beyond its particular facts. A mere intent to change the beneficiaries is not enough. A mere statement, oral or written, that such a change has been made is not sufficient unless followed by appropriate affirmative action."

Had the evidence proferred by the offer of proof been admitted, it would have tended to establish an intention of the Insured to change the beneficiary by designating his children as the principal beneficiaries, but it would have tended in no wise to establish an affirmative act by the Insured having for its purpose the carrying of such intention into effect. The rejection of such evidence was not prejudicial.

■ We conclude that while there was sufficient evidence to warrant a finding that the Insured intended to change the beneficiary, there was no competent evidence of an affirmative act by the Insured, having for its purpose the carrying of such intention into effect.

Affirmed.

2. Widney v. United States, 10 Cir., 178 F. 2d 880, 883; Boring v. United States, 10 Cir., 181 F.2d 931, 932; Bradley v. United States, 10 Cir., 143 F.2d 573, 576; Rosenschein v. Citron, 83 U.S.App.D.C. 346, 169 F.2d 885, 886; Sullivan v. Deri- field, 86 U.S.App.D.C. 328, 181 F.2d 628, 629; Kendig v. Kendig, 9 Cir., 170 F.2d 750, 751; Collins v. United States, 10 Cir., 161 F.2d 64, 69; Moths v. United States, 7 Cir., 179 F.2d 824, 827.