Geraldine A. BLAIR; and Geraldine A. Blair, Guardian of Floyd E. Blair and Leonard O. Blair, Minors, Appellants,

v.

UNITED STATES of America and Elease Blair, Appellees.

No. 5845.

United States Court of Appeals
Tenth Circuit.

Oct. 7, 1958.

Wilbert G. Smith, Oklahoma City, Okl., for appellants.

Ted D. Foster, Jr., Tulsa, Okl. (Ted Foster, Oklahoma City, Okl., was with him on the brief), for appellee, Elease Blair.

Before BRATTON, Chief Judge, and PHILLIPS and LEWIS, Circuit Judges.

PHILLIPS, Circuit Judge.

This is an action on a policy of life insurance issued to Mervoil W. Blair[1] in the amount of $10,000, under the provisions of the National Service Life Insurance Act of 1940, 38 U.S.C.A. § 801 et seq.

The insured, while in the Armed Forces and engaged in combat in Korea, was captured, and thereafter, on or about February 22, 1951, died while a prisoner of war.

Thereafter, Geraldine A. Blair,[2] the divorced wife of the insured, and Elease Blair,[3] the mother of the insured, filed separate claims with the Veterans' Administration, each claiming to be the sole beneficiary under the policy.[4]

The Board of Appeals of the Veterans' Administration made a final order denying the application of Geraldine and held that the mother was the sole beneficiary under the policy. Geraldine then instituted this action against the United States to recover as beneficiary under the policy and the mother intervened and asserted her claim to recover on the policy. The case was submitted on documentary evidence. From a judgment in favor of the mother, Geraldine has appealed.

The facts are not in dispute. On August 8, 1943, Geraldine and the insured were married and on the same date the insured first entered the Armed Forces of the United States. On October 18, 1943, the insured made application for National Service Life Insurance, designating Geraldine as his principal beneficiary and his mother as contingent beneficiary. On November 23, 1945, the insured was separated from his first tour of duty and his National Service Life Insurance lapsed on January 18, 1946, for nonpayment of premiums.

Thereafter, Geraldine on May 6, 1947, obtained a decree of divorce from the insured. The decree adjudged that the insured was not the father of the two minor children of Geraldine, referred to in note 4, supra.

On March 9, 1948, the insured reenlisted in the Army of the United States for

1. Hereinafter called the insured.

2. Hereinafter called Geraldine.

3. Hereinafter called the mother.

4. Geraldine also claimed, in the alternative, the proceeds of the policy as guardian of her two minor children, but such claim is not here material.

a period of three years. On that date, and while his insurance was still in a state of lapse, the insured executed an "Oath And Certificate Of Enlistment." On the same form with the Oath of Enlistment appeared a "Designation of Beneficiary." In this designation the insured stated that he was divorced and that he had no children and made the following entry:

"In The Event Of My Leaving No Widow Or Child, Or Their Decease Before Payment Is Made, I Then Designate As My Beneficiary The Following Relative * * * Elease Blair (Mother) 1160 Bellevidere Drive, Oklahoma City, Okl.

"In The Event Of The Death Or Disqualification Of The Last-Named Dependent Relative Before Payment Is Made, I Then Designate As My Beneficiary The Following Relative * * * Margaret Lucille Blair (Sister) 1160 Bellevidere Drive, Oklahoma City, Okla."

The Designation of Beneficiary following the Oath of Enlistment and on the same form as the oath was not intended to serve as a notice to the Veterans' Administration and was not a document to be filed with that Administration, and it was not so filed. It was intended to serve purposes wholly unrelated to insurance.

After execution of his Oath of Enlistment and Designation of Beneficiary, insured was transferred to Fort Knox, Kentucky, and on March 17, 1948, without designating any change of beneficiary on appropriate Veterans' Administration forms, executed an application for reinstatement of his National Service Life Insurance and an allotment was made to pay the premiums from his army pay. Thus, at that time, although he had an opportunity to do otherwise, the insured in reinstating his National Service Life Insurance did not change his original designation of beneficiary, wherein Geraldine was named as principal beneficiary and the mother as contingent beneficiary.

On January 28, 1949, insured recognized the children as his sons and designated them on Form "Record of Emergency Data for the Armed Forces of the United States" as the persons to receive his six months gratuity pay.

In April, 1949, the insured discontinued an allotment payable to his mother and executed an allotment for the support of the children.

Thereafter, the insured wrote three letters to his mother relative to his National Service Life Insurance. In each of the three letters he indicated to his mother that she was a beneficiary under the policy.

The single question presented by this appeal is whether insured changed the beneficiary of his National Service Life Insurance policy from Geraldine to the mother by indicating his intention so to do and by doing some affirmative act to effectuate such intention.

This court had occasion to consider a closely analogous case in Bradley v. United States, 10 Cir., 143 F.2d 573. In that case one Bradley was killed while serving on duty with the United States Army. His mother, Lena M. Bradley, and his widow, Annie Mae Bradley, filed separate claims with the Veterans' Administration, each claiming to be the sole beneficiary under a $10,000 life insurance policy issued to him under the National Service Life Insurance Act of 1940, 38 U.S.C.A. § 801 et seq.

When the policy was originally issued the mother was designated as the beneficiary and the question there was whether Bradley who thereafter married had effectively changed the beneficiary from his mother to his wife.

Shortly after his marriage Bradley executed a "confidential personal report" required of all flying officers, on a prescribed form and addressed to the United States Army Airport, Windsor Locks, Connecticut. Among other things, it stated: "Government Insurance; Yes, Amount: $10,000.00, Type: government,

Beneficiary: Ann M. Bradley, Location of policy, will or other important papers: with wife." On the next day Bradley lost his life.

Bradley's wife testified that prior to the execution of the confidential personal report Bradley had expressed to her an intention to change the beneficiary in his policy from his mother to her. Her testimony in that respect was fully corroborated by testimony of his comrades in the military service. Mrs. Bradley further testified that after Bradley had executed the confidential personal report he told her he had taken care of the insurance at the army base.

This court held that the burden of proving a valid change of beneficiary was on the widow and such burden required a showing of positive and unequivocal acts on the part of Bradley, designed to effectuate his expressed intentions to so change the beneficiary.

We further held in this regard that as to the confidential report relied on by the widow as the "positive and unequivocal act" [143 F.2d 577] that it was no notice of any kind to the Veterans' Administration, no direction to it to change the beneficiary, and that it did not express or indicate even indirectly or inaptly a desire to have the beneficiary changed.

In the instant case the only evidence relied on by the mother to show an affirmative act by the insured was the statements in the form he filled out at the time of his second enlistment.

We are of the opinion that such evidence does not adequately meet the test of "positive and unequivocal acts," as required by the decision in the Bradley case, supra, and the finding by the trial court to the effect that the evidence established a "positive and unequivocal" act to effectuate a change of beneficiary is clearly erroneous. See, also, Parker v. United States, D.C.Colo., 125 F.Supp. 731.

Accordingly, the judgment of the lower court is Reversed and Remanded with instructions to render a judgment in favor of Geraldine.