Josephine D. LOVATO, Appellant,

v.

UNITED STATES of America and Friedericka De Los Santos, Appellees.

No. 6702.

United States Court of Appeals Tenth Circuit.

Sept. 21, 1961.

Melvin L. Robins, Albuquerque, N. M. (Lorenzo A. Chavez and Arturo G. Ortega, Albuquerque, N. M., on the brief), for appellant.

Jack L. Love, Asst. U. S. Atty., Albuquerque, N. M. (John Quinn, U. S. Atty., Albuquerque, N. M., on the brief), for appellee United States of America.

Joseph J. Mullins, of Rodey, Dickason, Sloan, Akin & Robb, Albuquerque, N. M., for appellee Friedericka De Los Santos.

Before PICKETT, LEWIS and BREITENSTEIN, Circuit Judges.

PICKETT, Circuit Judge.

The United States issued to Eleuterio De Los Santos a $10,000 National Service Life Insurance policy while he was a member of the armed forces of the United States. On the date of his death in July, 1957, the insured's sister, Josephine D. Lovato, the plaintiff herein, was named as sole beneficiary of the policy in the designation filed with the Veterans Administration. After the designation of his sister as beneficiary, De Los Santos was married, and two children were born as a result of this union. The Veterans Administration determined that the insured had effectuated a change of beneficiary of his insurance policy from his sister to his wife, Friedericka De Los Santos. The sister brought this action to recover the proceeds of the policy, and the widow was interpleaded. The trial court agreed with the Veterans Administration, and a judgment was entered awarding the proceeds of the policy to the widow. The sole question presented here is the sufficiency of the evidence to sustain the court's finding that the insured had effectively changed the beneficiary of the policy.

This court has had numerous cases of this nature in which it has held that literal compliance with the technical requirements established by regulation for accomplishing a change of beneficiary is not essential, but it must be established that the insured not only intended to change the beneficiary, but performed some affirmative act to carry out that intention. Blair v. United States, 10 Cir., 260 F.2d 237; Littlefield v. Littlefield, 10 Cir., 194 F.2d 695; Boring v. United States, 10 Cir., 181 F.2d 931; Widney v. United States, 10 Cir., 178 F.2d 880; Collins v. United States, 10 Cir., 161 F.2d 64, certiorari denied 331 U.S. 859, 67 S.Ct. 1756, 91 L.Ed. 1866; Bradley v. United States, 10 Cir., 143 F. 2d 573, certiorari denied 323 U.S. 793, 65 S.Ct. 429, 89 L.Ed. 632.

 The findings of the trial court are not to be set aside unless clearly erroneous. Fed.R.Civ.P. 52(a), 28 U.S. C.A.; Boring v. United States, supra; Widney v. United States, supra. A number of witnesses, including the insured's wife, testified that the insured intended to change the beneficiary, and the evidence fully supports the court's finding as to the insured's intention. Intention, standing alone, however, is not sufficient to effectuate a change. The question

remains as to whether the insured took the affirmative action to carry out his intention which is necessary to effectuate the change.

On June 17, 1956 the insured executed a Record of Emergency Data form, designated as "Form No. DD 93". It is used to provide information as to the person to be notified in case of an emergency and also to designate the beneficiary of certain service connected benefits, including the beneficiary for the servicemen's indemnity (Act of Apr. 25, 1951, ch. 39, 65 Stat. 33). This form included, in fine print, a statement that this designation did "not affect insurance (NSLI or USGLI) beneficiary designation." The wife was designated as the beneficiary of the servicemen's indemnity, and in the space providing for the share to be received, the figure "$10,-000" was inserted. The insured had no servicemen's indemnity under the terms of the statute because he had in effect National Service Life Insurance in the amount of $10,000, and this figure could have reference only to his National Service Life Insurance. Bew v. United States, 4 Cir., 286 F.2d 570. There is an indication from the Veterans Administration files that Form Number DD 93, and its predecessor, AGO Form Number 41, were believed by some servicemen to be the proper form for changing the beneficiary in their National Service Life Insurance, and were used by them for that purpose. See Widney v. United States, supra.

In holding that the execution of an AGO Form 41 by the insured may constitute the positive or affirmative act necessary to accomplish a change of beneficiary, we said in Boring v. United States, supra [10 Cir., 181 F.2d 933]:

"Without exception, the courts have held that strict compliance with the regulations to effect a change in beneficiary by the soldier was not required, and that technicalities would be brushed aside in an effort to carry out the declared intent of the insured in this class of cases.

See Bradley v. United States, supra [10 Cir., 143 F.2d 573].

"A number of cases have been before the courts in which Form AGO 41 was used to effectuate a change in beneficiary, and in all of them the courts have held that the execution of this form for this purpose was sufficient for a valid change of beneficiary, if executed with that purpose in mind." (Footnote omitted. )

In Foster v. Winingham, 10 Cir., 169 F.2d 46, 47, it was said:

"Unless a controlling statutory provision or an effective regulation promulgated under statutory authority exacts otherwise, the intention and purpose of the insured should be given effect in a case of this kind involving the question whether his wife or this daughter is the beneficiary under a policy of National Service Life Insurance if it reasonably can be done. Narrow technicalities not contravening an applicable statutory provision or an effective regulation should be brushed aside in order to effectuate such intent and purpose. And substance rather than form should be the basis of decision. Bradley v. United States, 10 Cir., 143 F.2d 573, certiorari denied, Bradley v. Bradley, 323 U.S. 793, 65 S.Ct. 429, 89 L.Ed. 632; Mitchell v. United States, 5 Cir., 165 F.2d 758; McKewen v. McKewen, 5 Cir., 165 F.2d 761, certiorari denied, 334 U.S. 860, 68 S.Ct. 1530, [92 L.Ed. 1780]."

■ On this record we cannot say as a matter of law that the execution of Form Number DD 93 was not a sufficient affirmative act on the part of the insured to effectuate a change of beneficiary in insurance from his sister to his wife. The appellant relies on Blair v. United States, supra, as controlling in this case. It is, however, distinguishable on its facts. The affirmative act relied on in that case was a designation of beneficiary included in an Oath and

Certificate of Enlistment executed upon re-enlistment when the National Service Life Insurance had not been in effect for over two years. Blair later made application for reinstatement of the policy but made no change in the beneficiary named in the policy. Further, the form in the Blair case was intended for purposes wholly unrelated to insurance. The form in this case was the proper form to be used in designating the beneficiary of a statutory substitute for National Service Life Insurance.

Affirmed.