Hazel B. ELMORE, Plaintiff,

v.

UNITED STATES of America, Theda J. Mattice, Dorothy Mae Elmore, Defendants.

Civ. No. 821.

United States District Court
E. D. North Carolina,
Wilson Division.

April 3, 1965.

---

5. This is, of course, aside from the time requirement which exists only in Section 1439.

John E. Duke, Julian T. Gaskill, Goldsboro, N. C., for plaintiff.

Robert H. Cowen, U. S. Atty., by Gerald L. Bass, Asst. U. S. Atty., for defendant United States.

No appearance for defendant Mattice and Elmore.

LARKINS, District Judge:

## SUMMARY

This action comes before the Court for trial, without a jury. It arises out of a dispute concerning the proper party entitled to receive the proceeds of a National Service Life Insurance policy. The Veterans Administration has made an administrative determination that the insured's widow, Dorothy Mae Elmore, was entitled to the proceeds of the policy. Hazel B. Elmore, mother of the insured, instituted suit in this Court to have the decision of the Veterans Administration overturned in order that she might be awarded fifty percent (50%) of the proceeds of the policy upon her claim for benefits.

The United States of America, in order to avoid double liability in the case, interpleaded Theda J. Mattice and Dorothy Mae Elmore as third-party defendants so that a final determination could be made as to the parties entitled to the proceeds of the insurance policy.

The plaintiff contends that Dorothy Mae Elmore is entitled to only twenty-five percent (25%); that plaintiff is entitled to fifty percent (50%); and that defendant Theda J. Mattice is entitled to twenty-five percent (25%) of the proceeds of the National Service Life Insurance policy.

## FINDINGS OF FACT

The Court has jurisdiction over the parties and the subject matter of this action by virtue of Title 38 U.S.C.A. § 784.

That decedent, Edward E. Elmore, served in the United States Navy from May 28, 1943 to February 18, 1947, and was issued National Service Life Insurance policy No. V406 0609, in the face amount of $10,000.00.

The policy was in full force and effect at the time of his death on March 8, 1962, and the defendant, United States of America, admits liability to the person or persons entitled to the proceeds of policy No. V406 0609.

The defendant, Dorothy Mae Elmore, has filed her claim with the Veterans Administration for one hundred percent (100%) of the proceeds. She has not, however, filed any answer to this action although she has been served with a copy of the summons and a copy of the complaint and has had an opportunity to respond.

On June 8, 1943, Edward Earl Elmore, the deceased, named his mother, Hazel Elmore, beneficiary to the full proceeds of the policy. (Defendant U.S.A.—Exhibit #1).

On December 18, 1951, he changed his beneficiary by naming a contingent beneficiary, Miss Sandra Ruth Elmore, his daughter. She was to receive one hundred percent (100%) of the proceeds in the event that the deceased's mother was unable to receive her stipulated one hundred percent (100%) of the proceeds. (Defendant U.S.A.—Exhibit #2).

On November 21, 1952, another change of beneficiary was made by deceased. His wife, Dorothy Mae Elmore, was named sole beneficiary and entitled to one hundred percent (100%) of the proceeds under the policy No. V406 0609. (Defendant U.S.A.—Exhibit #3).

On November 6, 1958, Edward E. Elmore, filled out a change of beneficiary form (VA Form 9–336) as provided by the Veterans Administration. This is the change now in question, but it was not filed with the Veterans Administration prior to Edward E. Elmore's death. It was filed subsequent to his death, but the Veterans Administration has not seen fit to recognize it.

Upon filling out this form in question, he listed the beneficiaries as follows:

| Principal | Relationship of Each to Insured | Amount to Each |
|---|---|---|
| Hazel B. Elmore | Mother | 50% |
| Dorothy M. Elmore | Wife | 25% |
| Theda J. Mattice | Friend | 25% |
| Contingent | | |
| Estate of the Insured | | |

The date typed in the form is "11/6/58". This date was crossed out, however, and written in above it with pen and ink is the date of "5/19/60". To the left of the date and the signature of Edward E. Elmore (which is directly below the dating), are the signatures of two witnesses, Mrs. Mary M. Maese and Bonnie Merideth.

One of these witnesses, Mrs. Maese, filed a "Statement in Support of Claim" on Veterans Administration Form 8–4138. This statement dated December 26, 1962, was filed on December 28, 1962. The substance of it was to the effect that

deceased clearly intended to change his beneficiaries in the manner as set forth in the last-named change of beneficiary form with the altered date of "5/19/60". (P-2 Exhibit 7). Mrs. Maese's statement makes it clear that the deceased performed an act in support of his intention so expressed to her by signing his name and then depositing the paper with her for safekeeping, along with his other valuable papers. (P-2 Exhibit 7).

O. T. Douglass, an uncle of deceased, submitted a letter to the Veterans Administration, dated February 14, 1963. The substance of this letter fully confirms the expressions of intent to change beneficiaries as stated in the change of beneficiaries form dated "5/19/60" and as set forth in the "statement" of Mrs. Maese. (P-1).

In July 1961, Edward E. Elmore returned to Goldsboro, North Carolina, from California, where he was residing, to visit his mother. While at home he advised his mother that he had left her his insurance. She has identified his signature upon the Veterans Administration form for change or designation of beneficiary. (Defendant U.S.A.—Exhibit 4).

On July 27, 1961, Edward E. Elmore obtained an Interlocutory Judgment of Divorce from defendant Dorothy Mae Elmore. They had been living separate and apart from June 1960. See letter of O. T. Douglass. (P-1). The judgment of divorce was to become final one year from the date of the decree. The decree had not become final when Edward E. Elmore died on March 18, 1962.

On May 8, 1962, third-party defendant, Dorothy M. Elmore, filed a claim for the proceeds of the insurance policy as the wife of the insured. (Defendant U.S.A.—Exhibit #5). On April 6, 1962, plaintiff also filed a claim for the proceeds as the mother of deceased. (Defendant U.S.A.—Exhibit #5).

A default judgment has been entered against Dorothy Mae Elmore for failure to answer the complaint.

## CONCLUSIONS OF LAW

Title 38 U.S.C.A. § 717(a) provides that the insured shall have the right to change the beneficiary of a National Service Life Insurance policy without the consent of the beneficiary. The Veterans Administration Regulation is in conformity with this section of the United States Code (38 C.F.R. 8.47).

This regulation further provides that the change in the beneficiary must be made by notice in writing as follows:

"A change of beneficiary to be effective must be made by notice in writing signed by the insured and forwarded to the Veterans' Administration by the insured *or his agent,* and must contain sufficient information to identify the insured. Whenever practicable such notices shall be given on blanks prescribed by the Veterans' Administration. Upon receipt by the Veterans' Administration, a valid designation or change of beneficiary shall be deemed to be *effective as of the date of execution:* * * *" (Emphasis added).

This portion of the section of the regulation seems particularly appropriate to the case at hand. Mrs. Maese was given the prescribed Veterans Administration form by the deceased, and he advised her of its purpose. She was then directed to retain it along with the rest of his valuable papers and "he said hold it if anything happens to me send it to the office." (P-2).

Mrs. Maese became an agent of the deceased for the purpose of keeping the change of beneficiary form in a safe place and upon the death of the insured to submit it to the Veterans Administration office. The regulation provides that such change becomes effective as of the date of execution of said change. In this case the effective date being "5/19/60" or, May 19, 1960.

This conclusion is supported by the fact that deceased expressed to Mrs. Maese the intent to change the beneficiaries, and then he confirmed this expression of intent by filling out and subscribing the form and handing it to Mrs. Maese for safekeeping if anything happened to him.

 In other words, deceased manifested the intent to change beneficiaries, and followed this by an affirmative act to change them; these requirements are in conformity with the regulation quoted above. See Mitchell v. United States, 165 F.2d 758, 2 A.L.R.2d 484 (5th Cir., 1948).

Assuming arguendo, that the conduct of the deceased was not such as to meet the exact standards as set forth in the Regulations, it is noted that where the insured intended to effect a designation or change of beneficiary, the courts will brush aside technicalities to give effect to such expressions of intent if they are accompanied by an act manifesting the expressed intent and literal compliance with the regulations is not required. Bradley v. United States, 143 F.2d 573 (10th Cir., 1944); Collins v. United States, 161 F.2d 64 (10th Cir., 1947); Mitchell v. United States, 165 F.2d 758, supra; Bew v. United States, 286 F.2d 570 (4th Cir., 1961); and Lovato v. United States, 295 F.2d 78 (10th Cir., 1961).

In this case, deceased made numerous expressions of an intent to change his beneficiaries. It is noted that he was inclined to do so, for he had already changed beneficiaries before. Couple these expressions to change the beneficiaries with a reason to do so and there can be no doubt of that finding. One does not normally leave a divorced wife all the proceeds of an insurance policy. Technically, of course, the defendant, Dorothy Mae Elmore, was not finally divorced from deceased. However, the interlocutory decree had been entered and Edward E. Elmore died before he was eligible to apply for the final order. It is to be noted that deceased was the plaintiff in the divorce action.

The cases indicate that deceased must have done two things in order to effectively change his beneficiaries in the event that he failed to meet all the technical requirements of the regulations controlling the awarding of the proceeds under a National Service Life Insurance policy. He must have expressed the intent to so change the beneficiaries, and he must have done some act as to amount to a manifestation of that expressed intent. Bew v. United States, 286 F.2d 570 (4th Cir., 1961); and Lovato v. United States, 295 F.2d 78 (10th Cir., 1961).

In the Lovato case, supra, deceased had insurance and his sister was named beneficiary. Thereafter, he married and had children by his wife. The sister brought the action and the defendant-United States interpleaded the widow. Although the sister was the named beneficiary, the widow was ultimately awarded the proceeds. The Court said on page 79:

> "This court has had numerous cases of this nature in which it has held that literal compliance with the technical requirements established by regulation for accomplishing a change of beneficiary is not essential, but it must be established that the insured not only intended to change the beneficiary, but performed some affirmative act to carry out that intention." Cites.

The Court then held that the filling out of a form indicating the intent to change beneficiary, coupled with expressions of the intent to do so, was sufficient to effectuate the change in spite of the fact that the form was not the proper one, and was not filed with the Veterans Administration prior to the death of the insured.

### ORDER

Enter Judgment for the plaintiff to the extent of fifty percent (50%) of the proceeds of said life insurance. Each of the two third-party defendants to have and recover twenty-five percent (25%) of said proceeds of said insurance policy.