Marie Louise **LEGATIE**, Plaintiff,

v.

**UNITED STATES** of America, Defendant,

and

Ann Josephine Copeland Legatie Arthur, Interpleaded Defendant.

**Civ. A. No. 65-C-958.**

United States District Court
E. D. New York.

April 13, 1966.

Thomas A. Duffy, Jackson Heights, N. Y., for plaintiff.

Joseph P. Hoey, U. S. Atty., Brooklyn, N. Y., for defendant; Howard L. Stevens, Asst. U. S. Atty., of counsel.

O. John Rogge, New York City, Reid M. Spencer, Norfolk, Va., for interpleaded defendant.

MISHLER, District Judge.

Interpleaded defendant, Ann Josephine Copeland Legatie Arthur (Ann Arthur), moves pursuant to Rule 56 of the Federal Rules of Civil Procedure for an order granting summary judgment in her favor in an action to recover the benefits of a National Service Life Insurance Policy (N.S.L.I.).

The following facts are beyond dispute:

Ann Arthur and the assured were married on March 10, 1940; a child, Edwin Allan Legatie, was born of that union on June 9, 1942. While a member of the armed forces of the United States, the assured applied for, and was issued, N.S.L.I. policy number V 1422 72 19, effective February 1, 1942, in the amount of $10,000.00. Ann Arthur was designated as beneficiary. (Ex. A, Affid. in Support of Motion). The assured and Ann Arthur were separated in 1947; thereafter, the assured voluntarily provided $250.00 per month support for her and their son until 1950, and from that time to the time the parties were divorced, made voluntary support payments in the amount of $200.00 per month. On April 4, 1950, the assured signed and submitted an "Application for Renewal of Insurance on the Five-Year Level Premium Term Plan." (Ex. B, Affid. in Support of Motion). Ann Arthur was therein designated as beneficiary and Ed-

win Allan Legatie as contingent beneficiary. The assured was granted a judgment of divorce from Ann Arthur on August 9, 1955 in Virginia, on the grounds that she "wilfully and without any justification whatsoever, [did] desert and abandon the complainant." (Ex. 1, Affid. of Marie Louise Legatie). Thereafter, and on December 10, 1955, the assured and plaintiff, Marie Louise Legatie, were married; a child, Bruce Legatie, was born of that union on January 15, 1957. Shortly after the assured's second marriage and on December 20, 1955, he executed Form Number DD 93, entitled "Record of Emergency Data". (Ex. A, Affid. of Howard L. Stevens). Said form is used to provide information with respect to the person to be notified in case of an emergency and also to designate the beneficiary of certain service connected benefits, including the beneficiary under the Servicemen's Indemnity Act of 1951. The form, in pertinent part, provides as follows:

21. DESIGNATION OR CHANGE OF BENEFICIARY SERVICEMEN'S INDEMNITY (PL 23, 82d Cong.) (Does not operate as a designation or change of beneficiary of any insurance contracts issued by the United States Government)

ALL PREVIOUS DESIGNATION OF PRINCIPAL AND CONTINGENT BENEFICIARIES, IF ANY, UNDER SERVICEMEN'S INDEMNITY ACT OF 1951, ARE HEREBY CANCELED, AND IT IS DIRECTED THAT SAID INDEMNITY BE PAID TO:

| NAME | RELATIONSHIP | SHARE OR AMOUNT TO EACH BENEFICIARY |
|---|---|---|
| MARIE LOUISE LEGATIE | WIFE | $5,000.00 |
| EDWIN ALLAN LEGATIE | SON | $5,000.00 |

———◆———

It is to be noted that the cautionary portion above parenthesized appears in fine italicized print.

The assured was issued N.S.L.I. policy number V 1422 72 19, effective February 1, 1960, in the amount of $10,000.00; this policy bears the same policy number as the policy previously issued and renewed. The assured, however, made no new designation of beneficiary on the issuance of this policy. He died on September 16, 1963. It appears that, at his death, the policy was in the joint possession of the assured and Marie Louise Legatie. On or about November 6, 1963, Marie Louise Legatie was duly appointed Administratrix of the estate of the deceased by the Surrogate of Queens County, New York, and letters of administration were duly granted. Thereafter, and on October 1, 1963, Marie Louise Legatie filed a claim with the Veterans Administration for the proceeds of said policy; and on December 20, 1963, the Veterans Administration received a final claim for the proceeds of said policy from Ann Arthur.

The Veterans Administration regional office, in an administrative decision dated May 7, 1964, recognized the claim of Ann Arthur and denied the claim of Marie Louise Legatie. (Ex. C. Affid. of Ann Arthur). Marie Louise Legatie appealed to the Board of Veterans Appeals on September 29, 1964. On March 15, 1965, the Board denied the appeal and

held that Ann Arthur is the last-named principal beneficiary of said policy. (Ex. F, Affid. of Ann Arthur). Thereafter, and on September 17, 1965, plaintiff instituted the instant action, both individually and as Administratrix of the Estate of Edwin Legatie, deceased, against the United States demanding judgment declaring that plaintiff is entitled to the proceeds of said policy. See 38 U.S.C. § 784. The United States, in its answer, admitted liability under said policy and asked the Court to declare whether plaintiff or Ann Arthur is entitled to receive the benefits of the policy sued upon; the United States is in the position of a stakeholder in this action. By order dated December 16, 1965, Ann Arthur was made a party defendant to this action.

The action is, in essence, founded upon three claims:

1. That the policy effective February 1, 1960 is a new policy, and that since the insured did not designate a beneficiary thereunder, the proceeds should, under the terms of the policy, be payable to plaintiff as duly appointed administratrix of the insured's estate;

2. That the deceased intended to, and did, revoke the designation of beneficiary appearing in the application for renewal dated April 4, 1950, and failed to designate a new beneficiary of said policy;

3. That the deceased intended to, and did, revoke the designation of beneficiary appearing in the application for renewal dated April 4, 1950, and intended to, and did, designate Marie Louise Legatie and/or Bruce Legatie as the beneficiary of said policy.

 Ann Arthur bases the instant motion, and her claim to the proceeds, on the fact that the policy effective February 1, 1960 was an automatic renewal of the policy which expired in 1955; that she is the last-named principal beneficiary of such policy and is therefore entitled to the proceeds therefrom.

Section 745(a) of Title 38 provides in part:

Effective July 23, 1953, at the expiration of any term period any insurance policy issued on the five-year level premium term plan which has not been exchanged or converted to a permanent plan of insurance and which is not lapsed shall be renewed as level premium term insurance *without application* for a successive five-year period at the premium rate for the attained age without medical examination. (emphasis added)

The policy, therefore, was automatically renewed in 1955 and again in 1960, see 38 U.S.C. § 705; and the assured's designation of beneficiary in the renewal application dated April 4, 1950 is the last formal designation of beneficiary under the policy. 38 C.F.R. § 8.46(b). The fact that Virginia law [Va.Code Ann. § 20–111] provides that upon entry of a decree of divorce all property rights of one party in the property of the other are extinguished is impertinent; National Service Life Insurance policies are contracts with the United States, and their terms are governed by federal statutes and regulations in determining who is to share in the benefits arising therefrom. See Frakes v. United States, 1964, N.D.Ga., 228 F.Supp. 475; Smith v. United States, 1964, W.D.Ark., 226 F.Supp. 656; Cf. Clearfield Trust Co. v. United States, 1943, 318 U.S. 363, 63 S.Ct. 573, 87 L.Ed. 838; United States v. Allegheny County, 1944, 322 U.S. 174, 64 S.Ct. 908, 88 L.Ed. 1209. Federal law, with respect to N.S.L.I. policies maturing on or after August 1, 1946, does not limit the assured's choice of beneficiary. Compare 38 U.S.C. § 717 with 38 U.S.C. § 716. Accordingly, and as the facts now stand, the last formal designation of beneficiary under the policy in issue was that made April 4, 1950 and Ann Arthur is therein designated as principal beneficiary. Plaintiff's first argument, therefore, must fail.

■■ The issue remaining is whether the acts of the assured, if he acted at all, with respect to revocation of the designation of Ann Arthur as principal beneficiary and/or the substitution of Marie Legatie for Ann Arthur as designated beneficiary of the policy was sufficient in law so as to require the United States to give effect thereto. Cotter v. United States, 1948, D.Md., 78 F.Supp. 495. To prove her claim plaintiff must establish (1) that the assured intended to designate his estate, or his wife (plaintiff) as the principal beneficiary, Senato v. United States, 1949, 2d Cir., 173 F.2d 493, and (2) that he affirmatively acted to exercise his right to change the beneficiary. Mitchell v. United States, 1948, 5th Cir., 165 F.2d 758; Collins v. United States, 1947, 10th Cir., 161 F.2d 64, cert. denied, 331 U.S. 859, 67 S.Ct. 1756, 91 L.Ed. 1866. With respect to the latter, the minimum requirement is that such change be evidenced in writing, Cooper v. United States, 1965, 6th Cir., 340 F.2d 845; Moths v. United States, 1950, 7th Cir., 179 F.2d 824; Cohn v. Cohn, 1948, 84 U.S.App.D.C. 218, 171 F.2d 828, cert. denied, 1949, 336 U.S. 962, 69 S.Ct. 892, 93 L.Ed. 1114, but the writing need not necessarily comply with the literal requirements of the applicable regulations. Boring v. United States, 1950, 10th Cir., 181 F.2d 931; Moths v. United States, supra; Senato v. United States, supra; Roberts v. United States, 1946, 4th Cir., 157 F.2d 906, cert. denied, 1947, 330 U.S. 829, 67 S.Ct. 870, 91 L.Ed. 1278.

■ Ann Arthur alleges that in 1954 or 1955, and prior to the divorce, the assured told her "that he would continue to take care of our son, and that I would continue to be the beneficiary of his life insurance which totalled Thirty Thousand ($30,000.00) Dollars, and which included his National Service Life Insurance of Ten Thousand ($10,000.00) Dollars. * * * Under these circumstances, I told him that I had no objection to a divorce. * * *" (Affid. of Ann Arthur, pp. 2–3). Marie Louise Legatie disputes the aforesaid statement and declares "that she was assured by her husband that the National Service Life Insurance was for her and their son Bruce." (Affid. of Marie Louise Legatie, p. 3). Such statements, if admissible in evidence, are relevant on the issue of intent, see Hawkins v. Hawkins, 1959, 5th Cir., 271 F.2d 870; standing alone, however, they are insufficient to establish the fact that the change has, or has not, been made. See Littlefield v. Littlefield, 1952, 10th Cir., 194 F.2d 695; Butler v. Butler, 1949, 5th Cir., 177 F.2d 471. The only evidence in writing that would aid plaintiff herein is the aforementioned Form Number DD 93, submitted by the United States at the argument of the instant motion. The Court notes, however, that plaintiff has not yet had sufficient opportunity for discovery and that the existence of said form has only recently come to the attention of the parties.

There have been many cases dealing with the execution of Form Number DD 93 and its prototype, AGO Form Number 41. See, e. g., Lovato v. United States, 1961, 10th Cir., 295 F.2d 78; Hawkins v. Hawkins, supra; Senato v. United States, supra. In *Lovato,* the assured was issued a N.S.L.I. policy, and he named his sister as sole beneficiary. The assured subsequently married and thereafter executed Form Number DD 93. He therein designated his wife as beneficiary of the servicemen's indemnity. Since the assured was not entitled to a serviceman's indemnity under the terms of the statute, the Court declared that "this figure could have reference only to his National Service Life Insurance." Id. at 80. The Court there noted:

" * * * There is an indication from the Veterans Administration files that Form Number DD 93, and its predecessor, AGO Form Number 41, were believed by some servicemen to be the proper form for changing the beneficiary in their National Service Life Insurance, and were used by them for that purpose." Ibid.

In *Hawkins*, the assured was married to Bertha Lue when he was issued the N.S.L.I. policy and he named her and his son as equal beneficiaries; he subsequently executed a change of beneficiary to Bertha Lue as sole beneficiary. The assured obtained a divorce from Bertha Lue on grounds of adultery and he was awarded custody of their children. He remarried and, subsequent thereto, executed AGO Form Number 41 naming his present wife as the recipient of his six month gratuity; in a form previously filed he had designated Bertha Lue as the intended recipient of such gratuity. The District Court granted Bertha Lue's motion for summary judgment; the Fifth Circuit reversed said decision declaring: (271 F.2d at 875)

"Whether such expression [insured told his second wife he had made the change] is sufficient to justify an inference that the soldier believed he had done everything he thought was necessary; whether such belief by him, if found to exist, was reasonably held, and then whether, if so, this divorce and custody action would constitute such affirmative act as is held to be necessary are all questions that can be much better resolved upon a record fully developed on a full trial. Some of them are questions of fact which should first be passed on by a jury."

 A summary judgment may be rendered only "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Movant bears the burden and the record will be viewed in the light most favorable to the opposing party. Poller v. Columbia Broadcasting Sys., Inc., 1962, 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458. And if there is any doubt as to the existence of a good faith issue of material fact, a motion for summary judgment must be denied. United States v. Kansas Gas & Elec. Co., 1961, 10th Cir., 287 F.2d 601.

Viewing the record in the light most favorable to plaintiff, it is clear that there exists unanswered issues of material fact; accordingly, the motion must be denied.

Motion denied.

Settle order on two (2) days notice.