Doris Ellen **WELLS**, Appellant,

v.

Filberto **RUIZ**, Jr., Administrator, in the Matter of Thomas Ralph Wells, deceased, and United States of America, Appellees.

No. 8671.

United States Court of Appeals
Tenth Circuit.

Jan. 26, 1967.

Joseph J. Mullins, Albuquerque, N. M. (Rodey, Dickason, Sloan, Akin & Robb, Albuquerque, N. M., on brief), for appellant.

John P. Duffy, Albuquerque, N. M., for appellee Filberto Ruiz, Jr.

Before PICKETT and HICKEY, Circuit Judges, and STANLEY, District Judge.

ARTHUR J. STANLEY, Jr., District Judge.

In this action for the proceeds for a National Service Life Insurance policy,

the trial court entered judgment against the claimant-widow and in favor of the other claimant, the administrator of the estate of the deceased serviceman. The widow appeals.[1]

The policy was issued in 1951 to Sergeant Thomas Ralph Wells, USAF, his mother being designated as sole beneficiary. Within a few months the mother died. In 1954, Sergeant Wells married Myrtle Martin and two children were born. Wells and Myrtle were divorced in 1957, and in 1961 he married appellant. Sergeant Wells, while still in service, died intestate in 1963, leaving as survivors the two children and his widow.

Appellant's claim for the proceeds having been denied, she instituted this suit. On application of the government, the administrator of the sergeant's estate was made a party.[2]

The critical question before the trial court was whether the insured had performed some affirmative act sufficient to accomplish a designation of beneficiary different from the party originally named as beneficiary under the policy. That court held that he had not, although he had intended to name appellant as the beneficiary and had made this intention known to her and to others.

There is no real dispute as to the facts relied upon by appellant to establish that actions taken by Sergeant Wells were operative to designate her as beneficiary. During the year preceding his death, the insured had executed 1) a general power of attorney empowering appellant among other things: "to pay the premiums on, modify, * * * or execute any rights, privileges, or options on any contract of life * * * insurance presently owned by me * * * "; and 2) a "Record of Emergency Data," Air Force Form 246. In the power of attorney, the National Service Life Insurance policy was not mentioned. In the Record of Emergency Data, Sergeant Wells designated appellant as the "(b)eneficiary for gratuity pay," as the "(b)eneficiary for unpaid pay and allowances," and as the "(p)erson to receive allotment if missing." On the same form in the blank space provided for listing "policies in force," he inserted only "N.S.L.I.," without reference to the beneficiary of the policy.

■ This court has held in similar cases that intention to change the beneficiary is not sufficient to accomplish the intended change absent some affirmative act to carry out the intention. Lovato v. United States, 295 F.2d 78 (10 Cir. 1961) ; Boring v. United States, 181 F. 2d 931 (10 Cir. 1950) ; Widney v. United States, 178 F.2d 880 (10 Cir. 1950).

In the *Lovato* case, the serviceman had, in filling out a Record of Emergency Data form, inserted the figure of $10,000 in the space relating to the designation of his wife as the beneficiary of service connected benefits. This figure could have had reference only to his National Service Life Insurance policy. The trial court found that the insured had affirmatively acted to carry out his intention to designate his wife as beneficiary.

In the *Boring* case, the trial court found that the form in question (AGO 41) "was being used at that time as a form for changing beneficiaries of National Service Life Insurance * * *." We have no such finding here.

In the *Widney* case, the insured had made out and signed the Veterans Administration form for effecting a change in beneficiary and the trial court found that, although not received by the Veterans Administration, it had been delivered by the insured to the personal affairs officer for mailing.

■ In each of the cited cases the findings of the trial court were held by this court not to have been clearly erroneous. In this case, the trial court, having before it the power of attorney

1. The government prevailed on a counterclaim against the widow for the amount of overpayment to her of dependent's benefits. That phase of the case is not involved in this appeal.

2. The original beneficiary having pre-deceased the insured, his estate, if no new beneficiary had been designated, was entitled to the proceeds of the policy. 38 U.S.C.A. § 717(d).

and the Record of Emergency Data, found that the insured had not performed any act effectuating a change of beneficiary. The evidence fully supports the trial court's finding, and we cannot say that it was clearly erroneous. Rule 52 (a), F.R.Civ.P. Nor can we say as a matter of law that, under the circumstances here present, the execution of the power of attorney and the Record of Emergency Data constituted sufficient affirmative acts on the part of the insured to effectuate a change in the beneficiary of the policy in question.

Affirmed.