**ESTATE OF Albert M. HORN, Esquire, By Its Executrix Ms. Lynne M. RANDOLPH**

v.

**UNITED STATES of America and Dorothy Metzler Horn.**

Civ. No. C85–3862.

United States District Court, N.D. Georgia, Atlanta Division.

March 25, 1986.

Phil Walsh, Maddox & Walsh, P.C., Atlanta, Ga., for plaintiff.

Stephen S. Cowen, U.S. Atty., Robert Tayloe Ross, Asst. U.S. Atty., Atlanta, Ga., for defendant U.S.

Donna N. Kemp, Boyce, Thompson & O'Brien, P.C., Norcross, Ga., for defendant Horn.

## ORDER

ORINDA D. EVANS, District Judge.

This case is before the court on the parties' cross motions for summary judgment and on Defendant Horn's motion to strike affidavit. In this action, Plaintiff challenges a Veterans Administration decision which found Defendant Dorothy Metzler Horn to be the beneficiary of a veterans' insurance policy of the late Albert M. Horn.

*Facts*

The veteran, Albert M. Horn, died on October 31, 1984. At the time of his death, he was insured for $10,000 under National Service Life Insurance Policy No. FV 1458–91–57 ("the NSLI policy"). The current value of the NSLI policy is approximately $13,522, plus an undetermined amount based on the veterans' coverage for total disability.

Mr. Horn's latest beneficiary designation form for the NSLI policy is dated April 28, 1958. He designated "my estate" as sole beneficiary and under "remarks" he wrote "to be distributed by the will of mine that is valid at my death."

In October of 1969, Mr. Horn was divorced from Defendant Dorothy Horn, whom he had married in 1950. During the divorce proceedings, the parties entered into a Separation Agreement. Along with various other financial arrangements, Mr. Horn agreed to keep up certain insurance policies, including his NSLI policy, and to name Dorothy Horn as the primary beneficiary.

In 1979, Mr. Horn executed his last will and testament, naming his new spouse Lynne Randolph as Executrix. The will states that Dorothy Horn is to receive the proceeds of the NSLI policy. The will was admitted to probate after Mr. Horn's death in October of 1984, and Lynne Randolph qualified as Executrix.

Dorothy Horn filed a claim for the NSLI proceeds in November of 1984. In June of 1985, the VA Insurance Service decided that the Horn Estate was the correct beneficiary. At the time this decision was made, the Insurance Service was unaware of the separation agreement and the will.

In August of 1985, having been supplied these documents, the Insurance Service revised its decision and determined that Dorothy Horn was the correct beneficiary. Lynne Randolph then filed suit in this court as Executrix of the Albert Horn Estate, challenging the final VA decision.

*Defendant Horn's Motion to Strike*

■ Defendant Horn has moved the court to strike the affidavit of Bruce Maloy, which was submitted by Plaintiff in support of the motion for summary judgment. Defendant Horn contends that the affidavit is not made on Mr. Maloy's personal knowledge, and that many of the statements are irrelevant or mere opinions of the affiant. Plaintiff responds that the affidavit is made on Mr. Maloy's personal knowledge and that the court may properly determine the weight to be given to the statements set forth therein.

Defendant's motion to strike will be granted. Although the affidavit establishes Mr. Maloy's personal and professional relationship with Albert Horn, it furnishes no factual support for its conclusion that "[w]hen Mr. Horn designated his Estate as the beneficiary of his Veterans Administration life insurance policy, it was because he wanted his Estate to receive the proceeds." Maloy Affidavit, p. 3. Mr. Maloy's representations that Mr. Horn was a prominent criminal lawyer and that Horn understood legal documents such as insurance policies do not show who Horn intended to make his NSLI beneficiary in 1958 or 1984. The affidavit conspicuously omits any representation that Mr. Horn actually told Maloy what his intentions were with regard to the NSLI policy. The affidavit will therefore not be considered by the court in ruling on the motions for summary judgment.

*Motions for Summary Judgment*

■ Although the pleadings inject several peripheral matters concerning the administration of the Horn Estate, this court need only determine whether the Veterans Administration was correct in finding Dorothy Horn to be the beneficiary of Albert Horn's NSLI policy. As a preliminary matter, the court finds that the VA improperly

"merged" the 1958 beneficiary form, the 1969 divorce agreement, and the 1979 will in order to ascertain Albert Horn's "intent." The later documents do not show Mr. Horn's intent in 1958 when he filled out the last official beneficiary form, although they may indicate his intentions in 1969 and 1979.

The court also notes that the relevant issue of intent is who Albert Horn intended to be the legal beneficiary of the policy, *i.e.*, the person or entity to whom the government would directly pay the insurance proceeds. Evidence of Mr. Horn's intentions for Dorothy Horn to eventually receive that insurance money does not show whether he intended her to be paid the money by the government or by his Estate.

The court therefore concludes that this case presents two distinct legal issues for the court's consideration. First, who did Albert Horn designate as beneficiary on his last official beneficiary form, executed in 1958? Second, did Mr. Horn change his beneficiary by informal means subsequent to the execution of the 1958 form?

The court concludes that the designated beneficiary on the 1958 form is Albert Horn's Estate. Mr. Horn indicated that clearly by writing "my estate" in Part 6 of the form, entitled "beneficiary designation." Mr. Horn's direction under "remarks" that the proceeds are to be distributed by his will supports the conclusion that he intended the proceeds to be administered through the probate process. Dorothy Horn's name does not appear on the form. The official beneficiary in 1958 was therefore Albert Horn's Estate.[1]

The remaining issue is whether Mr. Horn changed his beneficiary from his Estate to Dorothy Horn after 1958. The federal Defendant and Defendant Horn contend that the 1969 settlement agreement and the 1979 will establish that the manifest intention of Mr. Horn was that payment be made to Mrs. Horn. Defendants maintain that regulatory formalities such as an official beneficiary form are not necessarily required when the intention of the veteran can be reasonably ascertained.

However, a change of beneficiary may not be made by a will. 38 C.F.R. § 8.46(b). Furthermore, neither state divorce decrees nor property settlement agreements can divert the proceeds from the beneficiary designated by the insured. *Ridgway v. Ridgway*, 454 U.S. 46, 102 S.Ct. 49, 70 L.Ed.2d 39 (1981); *Hoffman v. United States*, 391 F.2d 195 (9th Cir.1968). Mr. Horn's will and separation agreement therefore cannot serve to change the beneficiary designated on the last form executed by him.

The cases cited by Defendants do not require a contrary result. In most of those cases, the veteran had clearly expressed his intent and purpose to change his beneficiary, but had used an improper form.[2] In this case, Mr. Horn executed no form indicating an intent and purpose to officially change his beneficiary to Dorothy Horn, despite the fact that he agreed he *would* do so in the 1969 settlement agreement. Furthermore, none of the cited cases involve a purported change of beneficiary by will or divorce agreement such as Defendants are asserting here.

The remaining cases cited stand for the proposition that an executed document naming a new policy beneficiary need not be delivered to the VA during the veteran's lifetime.[3] This is clearly the law, but is irrelevant to this case since the will and separation agreement which Dorothy Horn brought to the VA after Albert Horn's death are legally ineffective to make her the NSLI beneficiary. *See supra* at p. 421.

---

1. 38 C.F.R. § 8.46(a) allows a veteran to designate his estate as beneficiary of a VA insurance policy.

2. *Bew v. United States*, 286 F.2d 570 (5th Cir. 1961); *Lovato v. United States*, 295 F.2d 78 (10th Cir.1961); *Spaulding v. United States*, 261 F.Supp. 232 (W.D.Okl.1966); *Owens v. United States*, 251 F.Supp. 114 (D.S.C.1966); *Dutton v. United States*, 237 F.Supp. 670 (N.D.Ga.1965).

3. *Collins v. United States*, 161 F.2d 64 (10th Cir.1947); *Elmore v. United States*, 240 F.Supp. 460 (E.D.N.C.1965).

Dorothy Horn has also sought to cloak herself with the protections of 38 U.S.C. § 3101(a), which exempts VA benefits from the claims of creditors both before and after receipt by the beneficiary. However, as legal beneficiary it is the Estate who is entitled to protection under this statute, not Dorothy Horn. Mrs. Horn's claims to the proceeds of the NSLI policy thus belong in probate court, not in this court.

Plaintiff's motion for summary judgment is therefore GRANTED; Defendants' motions for summary judgment are DENIED; Defendant Horn's motion to strike is GRANTED. The Veterans Administration is DIRECTED to pay the life insurance proceeds under Policy No. FV 1458–91–57 to the Estate of Albert M. Horn. As the Veterans Administration has not made a determination on the distribution of waiver-of-premium benefits and disability benefits under the policy, those issues are not properly before this court. The parties' requests for attorneys' fees are DENIED.